## THE STATE v. McDERMOTT.

1. **Criminal law:** INFERENCE OF MALICE. In a prosecution for malicious trespass the court instructed: "Malice may be inferred from the act or manner of committing the act, or by its repetition, *or by the relation existing between defendant and the family in which he lived, and the owner of the property injured.*" *Held*, that the instruction was erroneous by reason of its closing sentence, shown above by italics.

2. —— The defendant cannot be held responsible for, and nothing can be inferred against him by reason of, the relation existing between the family in which he lived and the injured party.

*Appeal from Clayton District Court.*

FRIDAY, JANUARY 25

THE defendant was indicted for the crime of maliciously injuring and defacing a fence belonging to one Peter Dunn. Upon trial he was found guilty, and fined $10. From this judgment defendant appeals. The necessary facts are stated in the opinion.

*John T. Stoneman* and *S. Murdock* for the appellant.

*M. E. Cutts*, attorney-general, for the State.

DAY, J. — The court instructed the jury as follows: " The State must show that the act was done maliciously. Malice may be inferred or implied from the act or manner of committing the act, or by its repetition, or by the relation existing between defendant and the family in which he lived, and the owner of the fence." This instruction is erroneous. It is not competent for the jury to consider, as one of the circumstances tending to prove a malicious intent upon the part of the defendant, the relation existing between *the family in which he lived, and the owner of the fence.*

The defendant is responsible for the relation existing between himself and others, and the question of his guilt or innocence may well be affected by the character of such relation.

But there is no justice nor propriety in holding him responsible for the relation existing between third persons.

For the error in giving this instruction the judgment is

Reversed.